# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NATIONAL COUNCIL FOR ADOPTION,
    431 N. Lee Street
    Alexandria, VA 22314,

    *Plaintiff*,

v.

ADMINISTRATION FOR CHILDREN & FAMILIES,
    Mary E. Switzer Building
    330 C Street S.W., Suite 4004
    Washington, D.C. 20201,

UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES,
    Hubert H. Humphrey Building
    200 Independence Avenue, S.W.
    Washington, D.C. 20001

    *Defendants.*

Case No. 25-4526

**COMPLAINT FOR INJUNCTIVE RELIEF**

## NATURE OF THE ACTION

1. Plaintiff National Council for Adoption ("NCFA") brings this action against Defendant Administration for Children and Families ("ACF"), a subdivision of the United States Department of Health and Human Services ("HHS"), to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). NCFA seeks injunctive relief to compel Defendants to disclose requested records.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this case under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## THE PARTIES

4. NCFA is a nonprofit organization dedicated to adoption advocacy, education, and research. It tracks and reports domestic adoptions while working to fulfill its mission that every child deserves a nurturing, permanent family.

5. ACF is a subdivision of HHS and is a federal agency within the meaning of FOIA, 5 U.S.C. §§ 551, 552(f)(1), and has possession and control over the records NCFA seeks in its FOIA request.

6. HHS is an executive agency of the United States. HHS is a federal agency within the meaning of FOIA, 5 U.S.C. §§ 551, 552(f)(1), and has possession and control over the records NCFA seeks in its FOIA request through its subcomponent, ACF.

## BACKGROUND

### Statutory Framework

7. FOIA promotes government transparency by guaranteeing the public the right to records from federal agencies. 5 U.S.C. § 552(a).

8. Agencies must produce requested records unless the records are protected from disclosure by one of nine listed exemptions or by a special law enforcement record exclusion. 5 U.S.C. § 552(a)–(b).

9. After an agency receives a FOIA request, it has 20 business days from the request date within which it must either produce the requested documents, request a time extension to locate and produce the documents, or inform the requester that the documents will not be produced and the rationale for withholding them. 5 U.S.C. § 522(a)(6).

10. An agency may request a time extension of not more than 10 additional business days if it faces unusual circumstances making production of documents cumbersome. 5 U.S.C. § 552(a)(6)(B)(i). "Unusual circumstances" sufficient to justify such an extension include: needing to search for records in a field facility or other entity separate from the agency, needing to collect an extremely large volume of documents, or needing to consult with another agency that has an interest in whether the request may be fulfilled. 5 U.S.C. § 552(a)(6)(B)(i)–(iii).

11. If an agency fails to produce the requested records within 20 business days (or 30, in the case of an extension on the grounds of unusual circumstances), FOIA creates a cause of action "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

12. FOIA authorizes the award of attorneys' fees to a FOIA plaintiff who has "substantially prevailed" by obtaining either a judicial order compelling production of withheld records or a voluntary change in position by the defendant agency. 5 U.S.C. § 552(a)(4)(E).

## NCFA's FOIA Requests

13. The NCFA is committed to its mission that every child deserves a loving family. NCFA fulfils this mission through many avenues, including organizing a nationwide network of

adoption agencies and attorneys, publishing and hosting educational content and events on the topics of adoption and foster care, and participating in national adoption advocacy. Grants are a crucial part of NCFA's work because NCFA relies in part on grants to help families afford adoption. NCFA therefore has an interest in adoption-related grants, including recent grants the federal government awarded to the AdoptUSKids project, a national project with a similar mission to NCFA—i.e., working to ensure that children and teenagers in foster care are placed into safe, loving, permanent families.

14. In 2024, NCFA sought to obtain a small number of records from ACF about grants related to adoption and the AdoptUSKids project. NCFA enlisted counsel at Sidley Austin LLP to submit a FOIA request on its behalf. On October 3, 2024, counsel submitted a request by email to the ACF's FOIA Officer seeking disclosure of the following records:

- All successful grant applications submitted by the Adoption Exchange Association, doing business as the National Adoption Association, to obtain funding and/or support for the AdoptUSKids project, including but not limited to the application(s) to obtain funding under Grant Number 90CO1143.

- All applications submitted in response to Funding Opportunity HHS-2022-ACF-ACYF-CO-0095.

Exhibit A, at 2.

15. Both sets of requested records relate to grants supporting adoption. The release of these records is in the public interest because it will enable the public to better understand the ACF's administration of grant programs, especially as they relate to adoption projects.

16. Moreover, the requested records are a finite set of grant applications, and their disclosure should result in a small number of documents.

17. ACF did not respond to inform NCFA whether ACF intended to comply with the request, as is required by statute. 5 U.S.C. § 552(a)(6)(A)(i). ACF also did not indicate that it

needed additional time to locate or produce the requested records. Indeed, ACF did not even acknowledge receipt of the FOIA request.

18. On November 3, 2024, NCFA's counsel inquired via email with ACF for an update on the FOIA request. ACF did not respond to this inquiry.

19. ACF never produced the requested records.

20. After waiting a year—well over the statutory limit of 20 business days—without receipt of the relevant records or further communication from ACF, NCFA submitted a second, substantively identical FOIA request by email. 5 U.S.C. § 552(a)(6)(A)(i).

21. NCFA submitted the new FOIA request to ACF through its President and CEO on October 27, 2025. That request sought the same documents as the 2024 request:

> All successful grant applications submitted by the Adoption Exchange Association, doing business as the National Adoption Association, to obtain funding and/or support for the AdoptUSKids project, including but not limited to the application(s) to obtain funding under Grant Number 90CO1143. . . .
>
> All applications submitted in response to Funding Opportunity HHS-2022-ACF-ACYF-CO-0095.

Exhibit B, at 2.

22. Again, ACF did not acknowledge receipt of the FOIA request and did not respond to the FOIA request to inform NCFA whether it would comply within the statutory timeframe of 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

23. ACF also did not indicate to NCFA that it needed additional time to locate or process the requested documents. Therefore ACF had 20 business days following NCFA's request to produce the documents. 5 U.S.C. § 522(a)(6)(A)(i) and (B)(i). Excluding weekends and holidays, this means the documents were due to NCFA no later than November 25, 2025.

24. Having received no acknowledgement of the first two FOIA requests, NCFA then submitted a third, substantively identical FOIA request via Defendants' online FOIA portal on November 21, 2025.[1] The new FOIA request sought the same documents as the previous two FOIA requests:

> All successful grant applications submitted by the Adoption Exchange Association, doing business as the National Adoption Association, to obtain funding and/or support for the AdoptUSKidsproject, including but not limited to the application(s) to obtain funding under Grant Number 90CO1143.
>
> All applications submitted in response to Funding Opportunity HHS-2022-ACF-ACYF-CO-0095.

Exhibit C, at 3 (line break added).

25. On November 21, 2025, the same day the request was submitted through the online portal, Defendants sent a confirmation ID number "as a receipt to show [NCFA] submitted a request using FOIA.gov." *Id.* at 2. The confirmation ID number is 2026-HHS-FOIA-000878.

26. Again, Defendants did not respond to the FOIA request to inform NCFA whether it would comply within the statutory timeframe of 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

27. Defendants also did not indicate to NCFA that they needed additional time to locate or process the requested documents. Defendants therefore had 20 business days following NCFA's request to produce the documents. 5 U.S.C. § 522(a)(6)(A)(i) and (B)(i). Excluding weekends and holidays, this means the documents were due to NCFA no later than December 22, 2025.

---

[1] At some point in 2025, HHS updated its public FOIA website to indicate that FOIA requests should be made through the online portal rather than via email. While NCFA maintains that its October 27, 2025 FOIA request was properly submitted and the Defendants' deadline to respond therefore was November 25, 2025, NCFA re-submitted through the FOIA portal out of an abundance of caution and in hopes that ACF would respond to its narrow FOIA request without the need for judicial intervention.

28. To date, ACF has not fulfilled any part of these three FOIA requests.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Wrongful Withholding of Agency Records

29. NCFA restates and incorporates paragraphs 1 through 28 as if fully stated herein.

30. NCFA submitted a FOIA request to Defendants via the FOIA portal on November 21, 2025.

31. Defendants' deadline to respond to NCFA's FOIA request was December 22, 2025.

32. Defendants have not substantively responded to any of NCFA's FOIA requests and have not produced any records in response to any request.

33. NCFA has exhausted the applicable and available administrative remedies with respect to the November 21, 2025 FOIA request.

34. Defendants have wrongfully withheld the requested documents from NCFA by failing to comply with the statutory time limit for rendering a determination or response to NCFA's FOIA request.

35. NCFA is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## PRAYER FOR RELIEF

WHEREFORE, NCFA respectfully requests that the Court:

A. Order Defendants to disclose all non-exempt records responsive to NCFA's November 21, 2025 FOIA request immediately;

B. Award NCFA its costs and reasonable attorney fees incurred in this action to the extent permitted by law; and

C. Grant all other relief as this Court may deem just and proper.

Dated:  December 29, 2025

Respectfully submitted,

/s/ *Daniel J. Hay*
Daniel J. Hay (D.C. Bar No. 1047969)
Alaric R. Smith (*application for admission forthcoming*)
Marcus S. Bauer (D.C. Bar No. D00576)
Olivia C. Campbell (*application for admission forthcoming*)
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, DC 20005
T:  (202) 736-8000
F:  (202) 736-8711
dhay@sidley.com
*Counsel for Plaintiff National Council for Adoption*